IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

CLEVELAND, DIVISION

| | | |
|---|---|---|
| JANE DOE | : | CASE NO: |
| | : | JUDGE: |
| Plaintiff | : | |
| | : | COMPLAINT TO DECLARE INVALID |
| -vs- | : | AND ENJOIN ENFORCMENT OF |
| CUYAHOGA COUNTY | : | CUYAHOGA COUNTY CHILDREN |
| 2079 East Ninth Street | : | AND FAMILY SERVICES |
| Cleveland, Ohio 44115 | : | REGULATION |
| Defendant | : | FOR VIOLATIONS OF THE FIRST, |
| and | : | FOURTH, FIFTH AND FOURTEENTH |
| CUYAHOGA COUNTY EXECUTIVE | : | AMENDMENTS AND |
| c/o Armond Buddish, | : | |
| County Executive 2079 East Ninth Street | : | COMPLAINT FOR DAMAGES, |
| Cleveland, Ohio 44115 | : | PRELIMINARY INJUNCTION AND |
| and | : | PERMANENT INJUNCTION |
| CUYAHOGA COUNTY DIVISION OF | : | |
| CHILDREN AND FAMILY SERVICES | : | |
| 3955 Euclid Avenue | : | |
| Cleveland, Ohio 44115 | : | |

Now comes Plaintiff, Jane Doe by and through counsel, and states the following as her causes of action in the above captioned matter:

I.     PRELIMINARY STATEMENT

1. This action challenges the constitutionality of Cuyahoga County Children and Family Services Regulation 2.03.05. This regulation allows the Children and Family Services to make a "substantiated" finding of "Abuse, Neglect or Dependency" without any ability of the parties to challenge the evidence or the findings except through internal appeals, however, no appeal is allowed when "there are pending court actions or ongoing legal proceedings involving the incidents or circumstance of the report of child abuse or neglect for which the appeal is being sought." Listed pending court actions or ongoing legal proceedings include "criminal proceedings; child abuse, neglect, and dependency proceedings; custody proceedings; and other civil actions." This broad carve out, specifically the custody proceedings and civil actions portion, allows the JFS finding to be used as affirmative evidence in those proceedings and further can, and will, delay any resolution of the actual findings for months if not years. This policy is particularly harmful in situations, such as in the case at bar, where the improper finding involves teenage children. The fleeting nature of parenting time coupled with the lack of ability to challenge incorrect findings geometrically increases the nature of the harm caused by the overbreadth of the internal county regulation.

   I. JURISDICITON AND VENUE

2. This action raises federal questions under the First, Fifth and Fourteenth Amendments of the Unites States Constitution and the Civil Rights Act of 1871, 42 U.S.C. §1983 as a violation of Ms. Doe's civil rights.

3. This Court has authority to award the requested declaratory relief under 28 U.S.C. § 2201, the requested injunctive relief under 28 U.S.C. § 1343(3) and the requested damages in 28 U.S.C. § 1343(d) and attorney fees under 42 U.S.C. §1988.

4. Venue is proper under 28 U.S.C. § 1391 in the Northern District of Ohio because the actions complained of and giving rise to the causes of action contained herein occurred within this district and at least one defendant is jurisdictioned within this district.

### III. THE PARTIES

5. Plaintiff Jane Doe is a resident of the City of Broadview Heights, Ohio, and is the subject of an investigation of alleged abuse of one of her minor children.

6. Defendant Cuyahoga County is the Municipal Corporation that employs both Defendant Armond Budish, the County Executive, and the Department of Child and Family Services.

7. Defendant Armond Budish is the County Executive, responsible for the training, staffing, maintenance and oversight of Defendant Department of Job and Family Services.

8. Defendant Job and Family Services is the department in Cuyahoga County that is responsible for investigating alleged child abuse complaints occurring within the geographic restrictions of Cuyahoga County.

### IV. FACTS COMMON TO ALL CAUSES OF ACTION

9. That beginning on May 17, 2022, Defendant Department of Children and Family Services (hereafter "DCFS"), began an investigation of Plaintiff based on a report of alleged abuse of her daughter.

10. That as part of this investigation the Department assigned Ms. Lakeisha Outlaw to conduct interviews and gather evidence.

11. That on May 18, 2022, the Father of the minor child filed a petition for a Civil Protection Order ("CPO") in the Cuyahoga County Court of Common Pleas on behalf of both of Plaintiff's minor children.

12. That despite the filing, DCFS continued their investigation.

13. That there existed a video of the interaction between Ms. Doe and her daughter showing the events that led to the claim of abuse.

14. That Ms. Outlaw did not view the video prior to making findings.

15. That Ms. Doe's daughter told DCFS that she was choked, her hair was pulled, that she was knocked to the floor and then dragged across the floor.

16. That on June 13, 2022 DCFS issued finding letters to Plaintiff and child's father stating that the result of the investigation was a substantiated claim of abuse.

17. That the trial on the CPO was held on June 16-17, 2022.

18. That Ms. Outlaw testified at the trial, as did Plaintiff's accusers.

19. That Ms. Outlaw stated on the record that the grounds for finding abuse were "Excessive Discipline" a term of art used by Ohio social workers.

20. That Ms. Outlaw was shown the video for the first time while testifying.

21. That after viewing the video, Ms. Outlaw specifically stated that what she viewed was not "Excessive Discipline."

22. That during her testimony the hearing officer specifically asked Ms. Outlaw if the decision could be reversed, and if so by what process.

23. That DCFS was not a party to the CPO proceedings but was only present as Ms. Outlaw was a witness subpoenaed by the father of the minor children.

24. That on July 1, 2022 after the conclusion of testimony at the CPO trial, but prior to the issuance of the Magistrate's decision, the father of the children filed a motion to change parenting time in the Cuyahoga County Juvenile Court mirroring the allegations contained in the CPO petition.

25. That on July 8, 2022 the hearing officer in the CPO hearing issued an opinion finding that Plaintiff's accusers were not credible and that the video did not depict Domestic Violence under any of the definitions provided by the Ohio Revised Code.

26. That on July 8, 2022 the hearing officer in the CPO hearing issued an opinion finding that the minor child confirmed that there has been no other physical altercations between herself and Plaintiff.

27. In Ohio, there are three (3) statutes that are controlling with regards to the issuance of domestic violence civil protection orders, O.R.C. 3113.31, O.R.C. 2919.22 and O.R.C. 2151.031.

28. O.R.C. § 3113.31 states in pertinent part:

Definitions; jurisdiction; petition; hearing; protection orders; consent agreements.

    (A) As used in this section:

        (1) "Domestic violence" means any of the following:

            (a) The occurrence of one or more of the following acts against a family or household member:

                (i) Attempting to cause or recklessly causing bodily injury;

                (ii) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code;

      (iii) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code;

29. The second statute is O.R.C. § 2151.031 Abused child defined which states

"As used in this chapter, an "abused child" includes any child who:

 \*\*\*

(B) Is endangered as defined in section 2919.22 of the Revised Code, except that the court need not find that any person has been convicted under that section in order to find that the child is an abused child;

(C) Exhibits evidence of any physical or mental injury or death, inflicted other than by accidental means, or an injury or death which is at variance with the history given of it. Except as provided in division (D) of this section, a child exhibiting evidence of corporal punishment or other physical disciplinary measure by a parent, guardian, custodian, person having custody or control, or person in loco parentis of a child is not an abused child under this division if the measure is not prohibited under section 2919.22 of the Revised Code.

(D) Because of the acts of his parents, guardian, or custodian, suffers physical or mental injury that harms or threatens to harm the child's health or welfare.

(E) Is subjected to out-of-home care child abuse."

30. The Third statute is O.R.C. § 2919.22 Endangering children, which states that

(A) No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall

create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. It is not a violation of a duty of care, protection, or support under this division when the parent, guardian, custodian, or person having custody or control of a child treats the physical or mental illness or defect of the child by spiritual means through prayer alone, in accordance with the tenets of a recognized religious body.

(B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:

(1) Abuse the child;

(2) Torture or cruelly abuse the child;

(3) Administer corporal punishment or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint is excessive under the circumstances and creates a substantial risk of serious physical harm to the child;

31. O.R.C. 2151.031 is the statute under which Abused Child charges are prosecuted in Ohio Juvenile Court.

32. That since the Magistrate's decision in the CPO case included an evaluation of the O.R.C. 2151.031, the Magistrate rejected any claim of child abuse as a matter of law with regards to the allegations made against Plaintiff.

33. That Abused Child prosecutions are conducted on behalf of the State of Ohio under the provisions of O.R.C. 2151.031.

34. In Cuyahoga County, the Cuyahoga County Prosecutors' offices represents DCFS in these proceedings.

35. That despite this finding and specific consideration of the statute governing abused children under which DCFS initiates all abused children proceedings in Ohio Juvenile Courts, no preclusive effect was given to this decision and no change to the DCFS finding was made.

36. That no child abuse charges were filed with the juvenile court in this matter, and none were recommended by DCFS.

37. That the DCFS alleged perpetrator letter of June 13, 2022 stated that there is not a need for protective services to be provided by the agency and that counseling is recommended.

38. That the DCFS parent letter of June 13, 2022 closed the case with no further supportive services.

39. That had charges been filed, Plaintiff would have had the opportunity to challenge the allegations against her in open court, either before a magistrate or directly before a judge at a bench trial.

40. That had either the magistrate and /or the judge had ruled against Plaintiff, she would have been guaranteed a right of appeal to the Eighth District Court of Appeals.

41. That under the terms of Cuyahoga County Children and Family Services Regulation 2.03.05, a finding of Not True issued by the trial court would not have any preclusive effect on the DCFS finding so long as any other legal proceeding related to the allegations that led to the investigation remained pending.

42. That prior to receiving this decision, Plaintiff filed her first Appeal of the DCFS determination in accordance with the Policy.

43. That upon receiving this decision, Plaintiff filed her second Appeal of the DCFS determination in according with Policy

44. That mother's first and second appeal were both denied because there was an appellate argument, related to custody but not addressing the allegations that resulted in the DCFS investigation.

45. That these denials came via voicemail, as opposed to the required mailing from the DCFS Policy.

46. That after the appellate argument, Mother refiled her appeal to the finding of Substantiated Abuse.

47. That her appeal was again rejected due to the presence of a hearing on the Juvenile Court docket, said hearing being on child support and completely unrelated to the allegations that led to the DCFS investigation.

48. That this denial again came via telephone, as opposed to the required mailing from the DCFS Policy.

49. That Plaintiff's counsel was informed by DCFS that if a new hearing is scheduled by the Juvenile Court after the child support hearing, the appeal will again be delayed.

50. That Plaintiff has been determined by DCFS to have used excessive discipline resulting in a finding of Substantiated Abuse since June 13, 2022 without having had the opportunity to have the finding reviewed, to present evidence that was not considered in the original investigation or determination and despite a court of competent jurisdiction having taken evidence at a contested hearing and made a finding that no Domestic Violence, including child abuse as defined by O.R.C. 2151.31 occurred.

51. That despite the admission of DCFS worker Outlaw that what she witnessed on the video did not qualify as Excessive Discipline, the sole identified grounds for a finding of Substantiated Abuse, no further review or change to the finding of Substantiated Abuse has been made by DCFS.

52. That Plaintiff is required to submit to a background check to volunteer at her younger daughters' school.

53. That Plaintiff has been very involved in her children's schooling and has volunteered as a head room parent and at numerous class events, all of which require a background check.

54. That the finding of Substantiated Abuse related to her children may prevent her from being allowed to volunteer at her daughters' school or engaging in other volunteer opportunities involving children in the future.

55. That Father and/or his agent attempted to have Plaintiff disciplined at her place of employment based upon the allegations in the CPO filing and the DCFS finding.

56. That Father and/or his agent attempted to have Plaintiff disciplined by her licensing board based upon the allegations in the CPO filing and the DCFS finding.

57. That Ohio maintains an Abused Child Registry as part of its system to protect children named Ohio's SACWIS (Statewide Automated Child Welfare Information System) Alleged Perpetrator Search (OSAPS).

58. That the system can be accessed by any State or National Child Protection Services worker.

59. That the system is searchable by employers in all fifty (50) states.

60. That the system is searchable by employees of out-of-state public or private children services agencies for use in approving foster parenting and/or adoptions.

61. That as a direct result of the incorrect finding Plaintiff is now listed as having abused her child.

62. That as a direct and proximate result of policy 2.03.05 of the Cuyahoga County Division of Children and Family Services, Plaintiff is barred from challenging this incorrect finding for an unknown period of time.

63. That the Policy is in violation of and exceeds the mandate of the Ohio Administrative Code Section 5101:2-33-20 that allows for the implementation of local appeal policies and procedures.

64. That any employer or volunteer organization that requires Plaintiff to provide information regarding the Abused Child registry as part of any background check would require Plaintiff to personally request a copy of the search of her name with the Abused Child Registry.

65. That any such request would show the incorrect finding.

66. That until such time as Plaintiff is allowed to challenge the finding, this incorrect finding will be available to any party who requests it of Plaintiff.

67. That the policy in question allows for the continuation of investigations while other "criminal proceedings, child abuse, neglect and dependency proceedings, custody proceedings and other civil actions" are pending.

68. That since DCFS is a governmental entity and part of the executive branch with quasi law enforcement powers , any decision not to communicate or provide information to DCFS during the pendency of any court proceeding, can, and in this case did, result in an incorrect finding.

69. That while no suspension of the investigation is caused by the existence of any pending cases, the current policy prevents the appeal of any such incorrect finding based on the actions of parties outside of DCFS and the investigated person.

70. That under the current policy, an incorrectly adjudicated party is prevented from enforcing their legal rights in court lest DCFS refuse to allow for an appeal.

71. That despite the existence of a finding by a duly appointed and properly authorized jurist, DCFS is not bound by their findings.

72. That the findings of the Magistrate in this case, and even his direct questioning of the DCFS witness as to whether the finding can be reversed during the hearing, have not resulted in a change in the abused finding as it applies to Plaintiff.

73. That the reasons given by DCFS for denying the internal appeal were the existence of hearing on issues unrelated to the allegations that were the impetus for the initiation of the investigation in this matter.

74. That Plaintiff was provided no notice as to when the investigation would be concluded.

75. That the notice letter that DCFS provided to Plaintiff did not provide any information on the internal policies or procedures for filing an appeal, despite internal policies requiring said procedures to be provided.

76. That DCFS did not follow their own policies or procedures when they refused to accept her three (3) attempts at appealing.

77. That Plaintiff is left without a vehicle to challenge the improper finding.

78. That Plaintiff operates a private bakery as a side business.

79. That as a result of advertising on Instagram and other social media platforms, Plaintiff has been offered an opportunity to compete on the "Baking It" competition challenge show airing on NBC.

80. That the existence of an Abused Child finding, without the opportunity to contest, reverse, or otherwise have it removed may prevent Plaintiff from being asked to participate on said program due to requirements for background checks.

81. That the existence of an Abused Child finding, without the opportunity to contest, reverse, or otherwise have it removed may prevent Plaintiff from taking part in this opportunity, regardless of the background requirement, as the incorrect finding could result in damage to her reputation in the same manner that her employment was threatened.

V. FIRST CAUSE OF ACTION DECLARATORY RELIEF–42 U.S.C. § 1983 VIOLATIONS OF THE DUE PROCESS CLAUSE – VOID FOR VAGUENESS / OVERBREADTH

82. Plaintiff restates the allegations contained in paragraphs 1-81 as fully rewritten.

83. That the DCFS policy negatively impacts substantial constitutional rights, to wit the right to parent ones child without governmental interference and the right to free association, under the First Amendment among others.,

84. That the language of the DCFS procedure, denying a right to appeal a finding of Substantiated Abuse whenever any legal proceeding related to the allegations is unconstitutionally overbroad.

85. That DCFS is inappropriately applying the unconstitutionally overbroad procedure to Plaintiff by also including proceedings that are unrelated to the allegations.

86. That since Father has repeated the since discredited allegations in a juvenile Court proceeding, said allegations will be part of the record for the remainder of the case.

87. That the two children that are subject to the juvenile court case are currently sixteen (16) and (13) years old.

88. That under the laws of the State of Ohio, the statute of limitations for civil filings related to causes of action possessed by juveniles is tolled until the minor child turns eighteen (18) and only then does the statute of limitations begin.

89. That under the Ohio statutory scheme, the last time in which a third party (other than DCFS) could file a complaint based on the allegations contained in the complaint received by DCFS on May 16, 2022 and determined to be Substantiated for Abuse on June 13, 2022 is in the year 2028.

90. That until such time as no third-party actions are pending; Plaintiff is and will continue to be deprived of her right to an opportunity to be heard on the incorrect finding of abuse.

91. That DCFS has no obligation under its own policy to take any action to revise its finding, despite being made aware of substantial evidence in direct contravention to the finding.

92. That the DCFS worker in charge of the case admitted on the stand that the alleged ground for a finding of abuse, to wit "Excessive Discipline" was not present when viewing the entirety of the altercation of video.

93. That as a direct result of the DCFS investigation, incorrect finding, and refusal to revisit the finding, despite direct knowledge of evidence not originally considered which proves that the allegations made against Plaintiff are false, Plaintiff is now listed on the Ohio Abused Child Registry.

94. That the original finding and the presence of Plaintiff on this registry are real and actionable harm sustained by Plaintiff.

95. That DCFS is not involved as a party in any proceeding related to the allegations that led to the investigation and actual findings.

96. As alleged above, an actual controversy has arisen and now exists regarding a matter, the constitutionality of the DCFS regulation, over which this Court has subject matter jurisdiction.

97. Plaintiff therefore seeks declaratory and further relief under 28 U.S.C. §§ 2201 et seq. (the Declaratory Judgment Act).

VI. SECOND CAUSE OF ACTION – VIOLATION OF 28 U.S.C. § 1983- DUE PROCESS VIOLATIONS

98. Plaintiff restates the allegations contained in paragraphs 1-97 as fully rewritten.

99. As a direct and proximate cause of the actions of Defendants, Plaintiff has been deprived of the constitutionally protected right to raise her children without undue government interference.

100. That while Plaintiff was provided notice of the nature of the allegations generally, she was not provided with the source of the allegations, the exact nature of the allegations, or the ability to rebut specifically the allegations made against her prior to the issuance of an Abuse Substantiated ruling.

101. That per the DCFS policy 2.03.05, Plaintiff's only vehicle to challenge the finding is through an internal DCFS appeal.

102. That per the internal policy, this right can be, and currently is being, denied due to actions of non-governmental third parties.

103. That but for the testimony of DCFS worker Outlaw at the CPO hearing, Plaintiff would never have known that the grounds for the finding identified by DCFS was "Excessive Discipline."

104. That DCFS never provided Plaintiff with any notice of what the status of the investigation was or when any decision would be issued.

105. That the notice letter identifies OAC 5101:2-33-20 as the authority for the right to appeal the finding internally with DCFS but does not cite the internal procedure of DCFS.

106. While OAC 5101:2-33-20 allows county offices to create their own internal policies, it requires that the polices establish "Reasonable time frames for both of the following:

   a. Allowing the parties identified in paragraph (A) of this rule to request a complaint review or report disposition appeal.

   b. Conducting the review or hearing and issuing a finding."

107. That the policy of DCFS is violative of both the Due Process Clause and Ohio Administrative Code section governing such policies as it can and has been used to deny Plaintiff any access to process through which to challenge the erroneous finding of DCFS.

108. That as a direct and proximate cause of the actions of DCFS, plaintiff has suffered and continues to suffer damages, including but not limited to personal and professional and reputational damages and ongoing injury to her constitutionally protected right to parent not only her children which were the subject of the complaint, but all her children, in an amount to be proven at trial.

VII. THIRD CAUSE OF ACTION -INJUNCTIVE RELIEF

109. Plaintiff restates the allegations contained in paragraphs 1-108 as fully rewritten.

110. The DCFS Policy regarding denial of appeals when any litigation related to the allegations that led to the investigation is pending is unconstitutional for the reasons stated in the foregoing causes of action.

111. The application of DCFS Appeal Policy when any litigation unrelated to the allegations that led to the investigation is pending is unconstitutional for the reasons stated in the foregoing causes of action.

112. The enforcement of said regulation has caused and continues to cause irreparable injury to Plaintiff, including but not limited to the loss of the right to make free and unencumbered decisions with regards to her children.

113. Because these injuries and losses brought about by the arbitrary and capricious enforcement of the DCFS regulation, made possible by the language of the regulation itself which does not distinguish between government action taken in relation to the allegations from the actions of any other party that claims a cause of action related to the allegations, Plaintiff respectfully requests that this Honorable Court provide preliminary and permanent injunctive relief enjoining Defendants from enforcing said regulation against Plaintiff and any other resident or parent of a resident of Cuyahoga County, Ohio.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests this Honorable Court grant the following relief:

A. A declaratory judgment, pursuant to 28 U.S.C. 2201 et seq (the declaratory Judgment Act) that Cuyahoga County Department of Children and Family Services Regulation 2.03.05 is unconstitutional on its face as being overbroad and violative of due process

and as applied to each named Plaintiff in this action, for the reasons stated above;

B. A preliminary injunction prohibiting the enforcement of Cuyahoga County Department of Children and Family Services Regulation 2.03.05 as unconstitutional for the pendency of this action;

C. A permanent injunction prohibiting the enforcement of Cuyahoga County Department of Children and Family Services Regulation 2.03.05;

D. An award of damages in an amount to be proven at trial for violations of 28 U.S.C. § 1983;

E. An award of reasonable attorney fees and costs to the extent permitted by 28 U.S.C. § 1988; and

F. Any other relief as this Honorable Court may deem to be just and proper.

Respectfully Submitted,
/s/ Jay F. Crook

Jay F. Crook (#0078499)
Jay F. Crook Attorney at Law, LLC
30601 Euclid Avenue
Wickliffe, OH 44092
Tel. 440-725-6203
Fax 440-943-3096
Email: jaycrooklaw@outlook.com
Attorney for Plaintiff
Jane Doe

**DEMAND FOR JURY TRIAL**

Now comes Plaintiff, by and through counsel, and hereby demands trial by jury of the maximum number.

Respectfully Submitted,

/s/ Jay F. Crook