IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

CLEVELAND, DIVISION

| | | |
|---|---|---|
| JANE DOE | : | CASE NO: 1:22-CV-1677 |
| | : | Judge David A. Ruiz |
| Plaintiff | : | |
| | : | MOTION TO PROCEED  UNDER |
| -vs- | : | JANE DOE STATUS |
| CUYAHOGA COUNTY | : | |
| 2079 East Ninth Street | : | |
| Cleveland, Ohio 44115 | : | |
| Defendant | : | |
| and | : | |
| CUYAHOGA COUNTY EXECUTIVE | : | |
| c/o Armond Buddish, | : | |
| County Executive 2079 East Ninth Street | : | |
| Cleveland, Ohio 44115 | : | |
| and | : | |
| CUYAHOGA COUNTY DIVISION OF | : | |
| CHILDREN AND FAMILY SERVICES | : | |
| 3955 Euclid Avenue | : | |
| Cleveland, Ohio 44115 | : | |

Now comes Plaintiff, Jane Doe, by and through counsel, and does hereby move this Honorable

Court for an order allowing her to proceed in the above captioned matter under Jane Doe status,

for the reasons outlined below.

The public disclosure of the identities of parties in a lawsuit is required by Federal Rule of Civil Procedure 10(a). Only in exceptional cases does a party's desire to proceed anonymously trump the presumption of disclosure. *See Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). To determine whether to allow a party to remain anonymous, some of the factors the court may consider are: "(1) whether the plaintiff is suing to challenge governmental activity; (2) whether the prosecution of the suit will compel the plaintiff to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a child." *Marsh*, 123 F. App'x at 636 (citing *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)).

As to the first factor, only in "a very few cases challenging governmental activity can anonymity be justified." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). The Sixth Circuit has recognized the need for anonymity only in those exceptional cases where Plaintiffs are suing to challenge government activity which requires "plaintiffs to reveal their beliefs about a particularly sensitive topic that could subject them to considerable harassment." *Porter*, 370 F.3d at 560. *Porter* involved the possible disclosure of plaintiffs' religious beliefs in a suit concerned parents brought to challenge the teaching of the bible in public schools. *Id.* at 559. In that case, the disclosure of the parents' identities was likely to subject them to public attacks as a letter to the editor and an article in the local media had already threatened to harm the plaintiffs if their identifies were made known. *Id.  See also Ericksen v. United States*, No. 16-cv-13038, 2017 U.S. Dist. LEXIS 8002, at *3-4 (E.D. Mich. Jan. 19, 2017).

While the Sixth Circuit test only includes four factors, other Circuits have expanded on those factors, specifically *Nat'l Ass'n of Waterfront Emp'rs v. Chao* ("Chao"), 587 F. Supp. 2d 90, 99 (D.D.C. 2008).  Plaintiff would advocate that these broader tests are both more protective of the respective needs of the parties, as well as better equipped to address the unique issues in a case like the case at bar.  In *Chao*, the court addressed two additional tests that had been used. The first test consists of the six factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317-21, 208 U.S. App. D.C. 399 (D.C. Cir. 1980), governing sealed filing:

(1) the need for public access to the documents at issue; (2) the extent to which the public had access to the document prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of the objecting party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced.

The second case is *Doe v. CFPB* ("Doe I"), No. 15-1177, 2015 U.S. Dist. LEXIS 141812, 2015 WL 6317031, at *2 (D.D.C. Oct. 16, 2015). The second test consists of five factors drawn from *Chao*, governing anonymous filing:

(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Even using the Sixth Circuit test, Plaintiff asserts that she is entitled to Jane Doe Status. As alleged in the complaint, third parties have already attempted to use the confidential information contained in the DCFS files to attack Plaintiff's reputation, employment, and licensure.  While these attacks are not based on her personal religious beliefs, they are based on already legally rebutted claims that would bring great shame on Plaintiff without justification. The fact that the finding of "Abused Child" remains a matter of record for Plaintiff despite the finding by a Court of competent jurisdiction that the allegations made against Plaintiff were not factually supportable, is the essence of this case.  Furthermore, the use of this information against Plaintiff has already occurred, and  publication of this matter will only amplify the pain, suffering and personal embarrassment already suffered by Plaintiff due to the incorrect finding related to these unfounded allegations.

Should this case proceed to litigation, while the Plaintiff is not a child, the case will specifically involve disclosure of facts regarding the Plaintiff's children and familial relationship contained in the DCFS files as well as through deposition testimony.  Both factors 2 and 4 of the Sixth Circuit test will be implicated by this type of disclosure.

Most importantly is the nature of the case itself.  What is being challenged is the policies of the Cuyahoga County DCFS and their constitutional implications as it applies to both overbreadth and due process challenges under the First, Fifth and Fourteenth Amendment. A general challenge to policies should not require disclosure of personal, closely held familial information.  Allowing Plaintiff to proceed under the Jane Doe provisions will not only protect the privacy of Plaintiff, it will more importantly protect the privacy of her children.

Looking to the factors applied by other circuits, the calculations used in *Doe* and *Chao* provide even greater support for the provision of Jane Doe status.  Retaliation has already been

evidenced, in the form of use of confidential CDFS information by Plaintiff's co-parent to threaten her employment and her Ohio licensure.  This is only likely to increase with the publicity of a federal lawsuit.   The sensitivity of the family dynamic and difficulties therein are only sure to be exacerbated if the details needed to litigate the policies and procedures of DCFS investigations and appeals is made available to the public.  This will clearly negatively impact the children. Given the fact that the dispute is only over the policies of DCFS and not any specific finding or allegation of misconduct on behalf of DCFS, there is no prejudice to be presented to any party by allowing Plaintiff to proceed under Jane Doe status.

CONCLUSION

The equities and respective needs of the parties clearly favor a grant of Jane Doe status as well as protective orders over any pleadings or proceedings where personal information is due to be disclosed. The personal details of both Plaintiff and the minor children whose statements and actions are relevant to this case in no way need to be made public when the heart of the issue is directed towards an overbroad and unconstitutional policy which currently is depriving Plaintiff of her constitutionally protected due process rights.  No benefit is had by the government or the public in forcing the disclosure of the identities of the parties nor in public availability of their personal information or familial issues.  What is of critical importance is the protection of families situated in or having family in Cuyahoga County from being deprived of their right to challenge bureaucratic findings without interference by third parties or from being repeatedly labeled as abusers without a full and fair opportunity to challenge the evidence against them.

Respectfully Submitted,
/s/ Jay F. Crook

Jay F. Crook (#0078499)
Jay F. Crook Attorney at Law, LLC
30601 Euclid Avenue
Wickliffe, OH 44092
Tel.  440-725-6203
Fax 440-943-3096
Email: jaycrooklaw@outlook.com
Attorney for Plaintiff
Jane Doe

CERTIFICATE OF SERVICE

A copy of the foregoing was served upon all parties along with a copy of the complaint in the above captioned matter via Federal Express with delivery tracking available on this 22 day of September, 2022

Respectfully Submitted,

/s/ Jay F. Crook