**COURT OF COMMON PLEAS**
**DIVISION OF DOMESTIC RELATIONS**
**CUYAHOGA COUNTY, OHIO**

ORIGINAL
COURT USE ONLY

JUL 1 2 2022

CUYAHOGA COUNTY
CLERK OF COURTS

████████████████████          :   Case No. ████████████

                              :
            Petitioner        :   Date 07/08/2022

                              :
                              :   Judge LESLIE ANN CELEBREZZE
            v.                :   Magistrate YOSEF HOCHHEISER

                              :
                              :   **DENIAL OF CIVIL PROTECTION**
                              :   **ORDER AFTER FULL HEARING**

████████████████████          :                    126172724

                              :   ████████████  ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
            Respondent        :

This matter came on for hearing on **June 16, 2022** before Magistrate Yosef Hochheiser, upon the **Petitioner**'s request for a Civil Protection Order pursuant to R.C 3113.31 of the Ohio Revised Code. Appearance was made by Petitioner ████████████ (hereinafter referred to as **Petitioner**). **Petitioner** is represented by Hans Kuenzi, Esq. An appearance was also made Respondent ████████████ (hereinafter referred to as **Respondent**). **Respondent** was represented by Jay Crook, Esq. The Court Reporter was LOIS E. ZAKELJ.   Both parties presented a case by calling several witnesses and presenting exhibit. The Court accepted these exhibits on the record. The court accepts **Petitioner** exhibit 1 over **Respondent**'s objection.  All other objections to the admissibility of exhibits were made on the record.

**Petitioner** and **Respondent** are not and have never been married to each other. They have 2 children together: ████████████ and ████████████ **Petitioner** filed the within **Petition** on May 19, 2022.  The Ex Parte Civil Protection Order is in effect until May 18, 2023 or further Order of Court, whichever first occurs.

**Respondent** was properly served with summons, a copy of the Petition, the Ex Parte Protection Order and related documents on May 20, 2022. The matter was set for hearing on June 17, 2022. **Petitioner** and **Respondent** and their attorneys appeared on June 16, 2022, timely. After discussion with the Court the parties opted to go forward. The trial started on June 16, 2022 and was concluded on June 17, 2022. Closing arguments were submitted via email.

J101 (Revised 04/2019)



████████████████ testified on behalf of **Petitioner**. Her testimony is found to be less than credible. ████████████████ testified on behalf of **Petitioner**. his testimony is found to be less than credible. **Petitioner** testified on his own behalf. His testimony is found to be credible. LAKEISHA OUTLAW testified with basic credibility on behalf of **Petitioner**.

During **Petitioner**'s case, testimony was offered that on May 16, 2022, **Respondent** and ████████████████ got into a physical altercation when ████████████████ took **Respondent's** cellular phone without permission. **Petitioner** claimed that **Respondent** grabbed ████████████████ by the shirt/neck and violently retrieved the cellular phone using physical force and causing ████████████████ injuries to her neck legs and other injuries. The entire incident was recorded and the video was admitted into evidence. On cross-examination, ████████████████ confirmed that there has been no other physical altercations between herself and **Respondent**.

OFFICER KEVIN POZEK testified on behalf of **Respondent** with basic credibility. CHASE REAGAN testified on behalf of **Respondent** with basic credibility. JOHN LAKATOS testified on behalf of **Respondent** with basic credibility. ████████████████ testified on behalf of **Respondent**. His testimony is found to be credible.

During **Respondent**'s case, testimony was offered that on May 16, 2022 **Respondent** and ████████████████ got into a physical altercation when ████████████████ took **Respondent's** cellular phone without permission. as stated above, this entire incident was recorded and admitted into evidence. Further testimony from the officers and EMS personnel on scene showed the initial medical attention was caused by ████████████████ threat of self-harm and not because of any injuries caused by **Respondent**.

After review of all of the testimony and exhibits (including the video of the May 16, 2022 incident) submitted during trial, the court finds that this singular act of retrieving a cell phone did not rise to the level domestic violence under RC 3113.31. In this case, a singular incident of pick physical altercation over a cell phone would not necessitate a need for ongoing protection. Parties are currently involved in a custody case through Cuyahoga County Juvenile Court. There is a guardian ad litem appointed in that case. All parental issues and issues involving the best interest of the children should be dealt with through that court.

The Court finds that **Petitioner** did not prove, by a preponderance of the evidence, that **Respondent** committed an act or acts of domestic violence as defined in R.C. 3113.31. The

████████████

Page 2 of 4

J101 (Revised 04/2019)

Court finds that **Petitioner** did not prove, by a preponderance of the evidence that **Petitioner** or **Petitioner**'s family or household members are in danger of domestic violence (*Felton v. Felton,* 79 Ohio St.3d 34, 1997-Ohio-302, 679 N.E.2d 672).

  **Petitioner**'s request for a Civil Protection Order is denied.  The Ex Parte Civil protection Order of 05/19/2022 is dissolved and set aside.

  Pursuant to R.C. 3113.31(J) (effective March 31, 2003), neither party shall pay the costs of these proceedings.

    **IT IS SO ORDERED.**

RECEIVED FOR FILING

**ADOPTED**

**PURSUANT TO Civ. R. 65.1(F)(3)(c)**

JUL 1 2 2022

Cuyahoga County
Clerk of Courts
By _____ Deputy

_____
**MAGISTRATE YOSEF HOCHHEISER**

_____
**JUDGE LESLIE ANN CELEBREZZE**

| | |
|---|---|
| ___NOTICE OF FINAL APPEALABLE ORDER___<br><br>Copies of the foregoing Order, which is a final appealable Order, pursuant to Civ. R. 65.1(G), were mailed by ordinary U.S. Mail or hand delivered to the parties indicated on the following date:<br><br>_____<br><br>By: _____<br>   CLERK OF COURT | **TO THE CLERK**<br>**A time-stamped copy of this Order shall be mailed or handed to:**<br><br>☒ Petitioner  ☒ Attorney for Petitioner<br><br>☒ Respondent  ☒ Attorney for Respondent<br><br>☒ The **Cuyahoga** County Sheriff's Office<br><br>☐ Counseling Program: _____<br><br>☐ Police Department where Petitioner resides:<br>_____<br><br>☐ Police Department where Petitioner works:<br>_____<br><br>☐ CSEA<br><br>☐ Other: _____ |

**NOTICE TO ATTORNEYS AND PARTIES**

Pursuant to Civ.R. 65.1(F)(3)(d), a party may file written Objections to a Court's adoption, modification or rejection of a Magistrate's denial or granting of a Protection Order after full hearing, or any terms of such an Order, within fourteen days of the Clerk's filing of the Order.  If any party timely files Objections, any other party may also file Objections not later than ten days after the first objections are filed.  The timely filing of Objections under this division shall not stay the execution of the Order.

If neither **Petitioner** nor **Respondent** exercises their right to appeal this Order pursuant to Rule 4 of the Rules of Appellate Procedure, or after all appellate rights have been exhausted, then in accordance with R.C. 3113.31(G), the Court, on its own Motion, shall order the Clerk of Court to seal the Ex Parte Civil Protection Order and all of the records pertaining to that Ex Parte Civil Protection Order.

J101 (Revised 04/2019)



## CERTIFICATE OF SERVICE

Copies of the foregoing Magistrate's Order were mailed by the Clerk of Court by ordinary U.S. mail to the following parties or their counsel of record:



HANS C. KUENZI
100 PARK AVE
SUITE 210
CLEVELAND, OH 44122-0000



JAY F. CROOK
30601 EUCLID AVE
WICKLIFFE, OH 44092-0000

Copies were mailed by the Clerk of Court on _____.


_____
**DEPUTY CLERK OF COURT**