**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE, | ) | CASE NO. 1:22-cv-01677 |
|     Plaintiff, | ) ) ) | |
|        v. | ) | JUDGE DAVID A. RUIZ |
| CUYAHOGA COUNTY – OFFICE OF COUNTY EXECUTIVE, *et al.*, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
|     Defendants. | ) ) | |

This matter is before the Court upon Plaintiff's Motion to Proceed Under Jane Doe Status (Motion) (R. 3). For the following reasons, Plaintiff's Motion is GRANTED.

**I. Procedure**

Plaintiff's lawsuit against Cuyahoga County, the Cuyahoga County Department of Children and Family Services (DCFS), and the Cuyahoga County Office of County Executive (collectively, Defendants) challenges the constitutionality of a DCFS Policy. (R. 1). At issue is DCFS Policy Statement 2.03.05, which allegedly prevents a party from appealing a DCFS determination of child abuse when there are pending court actions or legal proceedings involving the reported child abuse. (R. 1, PageID# 2 ¶ 1). Defendants have filed an Answer to the Complaint (R. 4), and have not opposed Plaintiff's Motion.

**II. Facts from Plaintiff's Complaint**

DCFS began an investigation into Plaintiff's alleged abuse of her minor child, in May 2022. (R. 1, PageID# 3 ¶ 9). In June 2022, DCFS issued a finding of a "substantiated claim of abuse," although the DCFS agent in charge of the investigation allegedly had not watched a

video recording, of the alleged abuse incident, that Plaintiff asserts was exculpatory. (*Id.*, PageID# 4–5, 10 ¶¶ 13–16, 25, 51). Around the time of the DCFS investigation, the minor child's father filed (i) a petition for a Civil Protection Order (CPO) in the Cuyahoga County Court of Common Pleas on behalf of Plaintiff's minor children, and (ii) a custody proceeding in Cuyahoga County Juvenile Court.[1] (*Id.*, PageID# 4–5 ¶¶ 11, 24).

During the CPO hearing, the agent who had overseen the DCFS investigation viewed a video of the alleged abuse incident for the first time and testified that it did not constitute "excessive discipline," even though that incident allegedly had been a basis of DCFS's finding of substantiated abuse. (*Id.*, PageID# 4, 10 ¶¶ 19–21, 51). Ultimately, the CPO proceedings resulted in a finding that the incident captured on the video did not depict domestic violence pursuant to the Ohio Revised Code. (*Id.*, PageID# 5 ¶ 25).

Plaintiff alleges that since the CPO decision, she has attempted to appeal the DCFS finding of substantiated abuse within DCFS, but her appeals have been stymied on multiple occasions due to DCFS Policy Statement 2.03.05. (*Id.*, PageID# 8–9, 11 ¶¶ 42–50, 62). According to this Policy Statement, "A Request for Appeal is not permitted when there are pending court actions or ongoing legal proceedings involving the incidents or circumstance of the report of child abuse or neglect for which the appeal is being sought. This includes criminal proceedings; child abuse, neglect, and dependency proceedings; custody proceedings; and other civil actions." DCFS Policy Statement 2.03.05(III)(A)(2). Plaintiff alleges that because of the pending custody or child support proceeding brought by the minor child's father, DCFS has not

---

[1] The Complaint also references a "child support" hearing. (*See* R. 1, PageID# 9 ¶ 47). It is unclear whether this child support hearing was separate from the custody proceedings mentioned earlier in the Complaint, though this question has no bearing on the Court's analysis of this Motion, regardless.

2

allowed Plaintiff's appeal of the substantiated abuse finding to proceed. (R. 1, PageID# 9 ¶ 47). As a result, Plaintiff claims that her name remains on Ohio's abused child registry, which is searchable by possible employers and foster service agencies. (*Id.*, PageID# 10–11, 14 ¶¶ 57–61, 93). Moreover, Plaintiff alleges that the minor child's father has attempted to use the substantiated abuse finding to have Plaintiff disciplined by her licensing board and employer. (*Id.*, PageID# 10 ¶¶ 55–56). Plaintiff now challenges the constitutionality of Policy Statement 2.03.05 insofar as it prevents an appeal of DCFS's finding of substantiated abuse.

### III. Law and Analysis

Generally, a complaint "must name all the parties" in an action. Fed. R. Civ. P. 10(a). When deciding whether a movant satisfies the exception to this general rule, the ultimate question is "whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). When deciding this question, the Sixth Circuit instructs that a court may consider the following factors: "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Id.* (internal quotation marks omitted) (*quoting Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)). Another relevant consideration, according to the Sixth Circuit, is "whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

#### A. Factor One: Challenging Governmental Authority

"[C]ourts are generally less likely to grant a plaintiff permission to proceed anonymously

when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid." *Doe v. Webster Cty.*, 2022 WL 124678, at *2 (W.D. Ky. Jan. 12, 2022) (internal quotation marks omitted) (*quoting K.G. v. Bd. of Educ. of Woodford Cty.*, 2019 WL 4467638, at *3 (E.D. Ky. Sept. 18, 2019)). The Sixth Circuit has recognized the "need for anonymity only in those exceptional cases where plaintiffs are suing to challenge government activity which requires 'plaintiffs to reveal their beliefs about a particularly sensitive topic that could subject them to considerable harassment.'" *Ericksen v. United States*, 2017 WL 264499, at *2 (E.D. Mich. Jan. 20, 2017) (*quoting Porter*, 370 F.3d at 560). Courts have found "particularly sensitive topic[s]" to include cases where parents challenged the teaching of religious classes in a public school, *Porter*, 370 F.3d at 559–61, and where a plaintiff alleged sexual abuse at the hands of government officials like police officers, *Doe v. Mitchell*, 2020 WL 6882601, at *1–7 (S.D. Ohio Nov. 24, 2020), *report and recommendation adopted*, 2021 WL 2313436 (S.D. Ohio June 7, 2021).

Here, Plaintiff challenges a governmental entity—DCFS—and seeks to have Policy Statement 2.03.05 declared unconstitutional. Although this points in favor of granting Plaintiff's request to proceed anonymously under the first *Porter* factor, it does not appear that Plaintiff would have to reveal any particularly sensitive beliefs to engage in this lawsuit. Even though child abuse itself is a particularly sensitive topic, the challenge in this case is not to any substantive child abuse laws, but rather to the appeals process of a county department. As a result, while the first factor weighs in Plaintiff's favor, it does so only slightly.

### B. Factor Two: Information of the Utmost Intimacy

For the second *Porter* factor to weigh in favor of a movant, the party requesting the pseudonym must typically demonstrate that there is a level of danger that the party or their

4

family may face if the party's identity becomes known. *See, e.g.*, *Porter*, 370 F.3d at 560–61; *John Does 1–4 v. Snyder*, 2012 WL 1344412, at *1–2 (E.D. Mich. Apr. 18, 2012). For instance, in *Porter*, the Sixth Circuit in holding that the plaintiffs could proceed pseudonymously noted that by filing the suit, the plaintiffs "made revelations about their personal beliefs and practices that are shown to have invited an opprobrium analogous to the infamy associated with criminal behavior." *Porter*, 370 F.3d at 560 (*quoting Stegall*, 653 F.2d at 186). However, courts have also held that information related to a plaintiff's past criminal offense, which is a matter of public record and "readily available to the public," is not "intimate information." *Doe v. Lee*, 599 F. Supp. 3d 701, 704 (M.D. Tenn. 2022).

Plaintiff's Motion argues that "third parties" have attempted to use the confidential information contained in the DCFS files to attack her reputation, employment, and licensure. (R. 3, PageID# 39). Plaintiff further argues that revealing her identity during this litigation would "amplify the pain, suffering and personal embarrassment" suffered by Plaintiff due to the allegedly incorrect DCFS finding of abuse. (*Id.*). Finally, Plaintiff contends that not allowing her to use a pseudonym would mean that intimate information about her minor children and familial relationships would be disclosed during the case and in deposition testimony. (*Id.*).

Here, it is indeed likely that Plaintiff would have to disclose particularly sensitive information—about the DCFS findings and her children—should she have to proceed in this case non-pseudonymously. Moreover, the information contained in Ohio's abused child registry, the Statewide Automated Child Welfare Information System, is "highly confidential and released only under strict guidelines set forth in federal and state rules and law." *Ohio's SACWIS Alleged Perpetrator Search (OSAPS)*, Ohio Dep't of Job & Family Servs., https://jfs.ohio.gov/ocf/childprotectiveservices.stm (last visited Mar. 6, 2023). But if Plaintiff

5

were to proceed without a pseudonym in this litigation, the fact that Plaintiff's name is included on the abused child registry would be information generally available on the Court's public docket.[2]

That being said, not all of Plaintiff's arguments weigh in her favor: the only third party that Plaintiff alleges is using the DCFS information is the minor child's father, who Plaintiff admits was a recipient of the June 13, 2022, letter from DCFS finding a substantiated claim of abuse against Plaintiff. (R. 1, PageID# 4 ¶ 16). In other words, the third-party father already knows about the substantiated finding of abuse, meaning that Plaintiff proceeding without a pseudonym would have no bearing on the father's reference to such information. (R. 3, PageID# 39–40).

Despite that point, the second factor weighs in Plaintiff's favor due to the intimate information that she would be required to disclose should she have to proceed without a pseudonym.

### C. Factors Three and Four: Intention to Violate the Law and Children Plaintiffs

Neither the third nor fourth *Porter* factors support Plaintiff's request to proceed under a pseudonym. As to the third factor, there is no indication that the litigation would compel Plaintiff to disclose an intention to violate the law. And as a matter of Sixth Circuit law, the fourth factor only applies when the plaintiff herself is a child, unless the plaintiff brings the lawsuit on behalf of a child. *See Doe v. City of Detroit*, 2018 WL 3434345, at *1 (E.D. Mich. July 17, 2018); *Doe*

---

[2] Plaintiff's Complaint also identifies several speculative consequences of DCFS's allegedly incorrect finding of abuse, such as possibly failing future background checks. (R. 1, PageID# 10, 12–13 ¶¶ 52–54, 60, 78–81). It, however, is not apparent that such a consequence would become more likely if Plaintiff proceeds without a pseudonym in this litigation.

*v. Metro. Gov't of Nashville & Davidson Cty.*, 2022 WL 2293898, at *4 (M.D. Tenn. June 24, 2022). Plaintiff is not a child and does not bring this action on behalf of her children, so the fourth factor does not apply.

Finally, because Defendants have not opposed Plaintiff's Motion, there is no indication that Plaintiff proceeding pseudonymously would force Defendants to litigate the case with insufficient information. *See Marsh*, 123 F. App'x at 636.

### D. Weighing the Factors

The first two *Porter* factors weigh in favor of Plaintiff, so the Court holds that Plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. Therefore, Plaintiff may proceed under Jane Doe status when litigating this action.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Proceed Under Jane Doe Status (R. 3) is GRANTED.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: March 6, 2023